1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PACIFIC VIBRATIONS, LLC,

                                        Plaintiff,

v.

SLOW GOLD LIMITED, et al.,

                                        Defendants.

Case No.:  22cv1118-LL-DDL

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SLOW GOLD LIMITED'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS**

[ECF No. 14]

Before the Court is Defendant Slow Gold Limited's Motion for Leave to File Counterclaims against Plaintiff Pacific Vibrations, LLC. ECF No. 14 ("Motion" or "Mot."). Plaintiff filed an Opposition [ECF No. 19 ("Opposition" or "Oppo.")], and Defendant Slow Gold Limited ("Defendant") filed a Reply [ECF No. 21 ("Reply")]. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

## I.    BACKGROUND

On March 11, 2022, Plaintiff filed a complaint in state court against Defendants Slow Gold Limited, Simon Charles Tucker, Cassie Green, and Bradley John Hockridge alleging the following causes of action: (1) breach of contract; (2) unfair competition,

(3) federal trademark infringement, (4) California common law trademark infringement, and (5) false designation of origin. ECF No. 1-2 at 5–27.

On July 29, 2022, Defendant filed its notice of removal and its answer. ECF Nos. 1; 1-2 at 29–38; 5.

The parties participated in a meet-and-confer phone call on August 15, 2022, in which Defendant advised that it wished to file a counterclaim. ECF No. 14-1, Declaration of Thomas J. Speiss, III ("Speiss Decl."), ¶ 3; ECF No. 19-1, Declaration of Ryan J. Altomare ("Altomare Decl."), ¶ 3.

On October 17, 2022, the Court issued a scheduling order setting pretrial deadlines, including a filing deadline of December 2, 2022 for any motion to join other parties, to amend the pleadings, or to file additional pleadings. ECF No. 11 at 1. The deadline to complete fact discovery was set for May 5, 2023. *Id.* at 2.

On December 1, 2022, Defendant provided a copy of its proposed counterclaims to Plaintiff. Speiss Decl. ¶ 5; Altomare Decl. ¶ 10.

On December 2, 2022, Defendant filed this Motion seeking leave to amend its answer to add counterclaims against Plaintiff. ECF No. 14.

## II.   LEGAL STANDARD

Once a party has served its pleading, there is a short period of time when the party may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy should be applied with "extreme liberality" to reflect the underlying purpose of Rule 15 "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Id.* at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the factor that carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048,

1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## III.   DISCUSSION

Defendant argues that it should be allowed to amend its answer to file counterclaims because (1) it detrimentally relied on Plaintiff's representation concerning Defendant's request for stipulation to its filing of counterclaims and (2) it is appropriate at this early stage in the litigation. Mot. at 10–11. The counterclaims that Defendant seeks to add are breach of contract and declaratory judgment of non-infringement of trademark. *Id.* at 6; ECF No. 14-2 at 10–11. Plaintiff claims that both of Defendant's arguments fail and leave to amend should be denied.

### A.   Detrimental Reliance

Plaintiff and Defendant disagree about what occurred at a meet-and-confer between counsel in August 2022. Defense counsel Thomas Speiss claims that Melissa Wilner, a colleague who no longer works at his firm, had met and conferred with Plaintiff's counsel Ryan Altomare about Defendant's proposed counterclaims and provided an oral and written summary of the meeting to him. Speiss Decl. ¶ 3. Defendant claims Mr. Altomare stated, *inter alia*, that he did not "have any objections" to the counterclaim and requested a copy of the counterclaim prior to stipulating to its filing. *Id.* When Defendant provided a copy of the counterclaims almost four months later, Plaintiff declined to stipulate to their filing. *Id.* ¶ 5. Defendant claims it detrimentally relied on this unfulfilled promise. Mot. at 11.

Plaintiff's counsel, on the other hand, denies that he said he had no objections to the proposed counterclaims. Altomare Decl. ¶ 3. Mr. Altomare attests that he told Ms. Wilner during the meet-and-confer phone call that he did not have authority to stipulate to the counterclaims, but he would be willing to review a draft and discuss with his client if it would be something his client would stipulate to. *Id.* Plaintiff filed an objection to the

portion of Mr. Speiss's declaration conveyed to him by Ms. Wilner as inadmissible hearsay and for lack of personal knowledge. ECF No. 20. Defendant made no response to the objection.

The Court is not persuaded by Defendant's detrimental reliance claim. The Court agrees with Plaintiff that Ms. Wilmer's "oral and written summary" to Mr. Speiss is inadmissible hearsay pursuant to Federal Rule of Evidence 802. Defendant did not submit a declaration by Ms. Wilmer, and Mr. Speiss lacked personal knowledge of the phone conversation at issue pursuant to Federal Rule of Evidence 602. The Court therefore sustains Plaintiff's objection to a portion of paragraph 3 of Mr. Speiss's declaration.[1] Accordingly, Defendant's detrimental reliance argument fails with the absence of a promise made by Plaintiff.

The Court will next consider the *Foman* factors of undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.

### B.     Undue Delay and Prejudice

Defendant claims that it did not unduly delay in filing this Motion four months after it removed this matter to federal court and that Plaintiff will not be prejudiced by granting its Motion because discovery is still ongoing. Mot. at 13–15; Reply at 6–8. Plaintiff argues that Defendant has failed to provide a reasonable explanation for filing this Motion four months after it filed its answer when the counterclaims are based on facts and theories Defendant knew or should have known at the time it filed its answer. Oppo. at 11. Plaintiff

---

[1] The Court sustains Plaintiff's objection to the following:

> My colleague, Melissa Wilner, who no longer works for Buchalter, participated in this meeting at my direction and provided an oral and written summary of the meeting to me. Ryan Altomare, counsel for Plaintiff, participated in this meeting. During the meeting, Plaintiff's counsel requested a copy of the counterclaim prior to stipulating to its filing, stated that he understood "that these motions typically get granted at this stage," and stated that he did not "have any objections" to the counterclaim.

ECF No. 20; Speiss Decl. ¶ 3.

further contends that it will be prejudiced if this Motion is granted because it will increase the discovery required to be conducted and may require supplemental responses, which will drive up litigation costs. *Id.* at 17–18.

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (quoting *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011)).

The Court finds Defendant has not unduly delayed in filing this Motion. Although Defendant first informed Plaintiff of its intention to file counterclaims about four months prior to filing this Motion, the delay is not unreasonably long. *See Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (finding a district court had abused its discretion in denying leave to amend five years after the original pleadings in the absence of bad faith or prejudice and stating that "the mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend."). The instant Motion was timely filed according to the party's case scheduling order for pretrial matters, and fact discovery will not close until May 2023. Although discovery has begun, it is in its early stages and will continue for several months. The Court does not find that allowing counterclaims at this stage of the litigation will prejudice Plaintiff or burden the Court. The Court's finding of no undue delay and no prejudice weighs toward granting the Motion.

### C.   Bad Faith

Defendant contends that it brings this Motion in good faith because its counterclaims have merit and directly relate to the contract at issue in Plaintiff's complaint. Mot. at 9. Plaintiff argues that Defendant has shown bad faith by misstating Plaintiff's purported "consent" to add counterclaims and for delaying its filing of this Motion in an effort to harass Plaintiff and/or increase the costs of litigation. Oppo. at 13.

The Court does not find that Plaintiff has established that Defendant has acted in bad faith. Although Defendant may have misstated Plaintiff's purported consent to the

counterclaims, the Court has not considered or relied on the purported consent in its analysis. The Court has already found that although Defendant could have filed this Motion earlier, the delay was not unreasonable, and it was timely according to the parties' case scheduling order. Furthermore, the parties appear to agree that Defendant's proposed counterclaims are compulsory.[2] Mot. at 12; Oppo. at 5. The Court agrees that Defendant's proposed counterclaims are compulsory because they arise out of the agreement that is the subject matter of Plaintiff's complaint. If Defendant fails to plead a compulsory counterclaim, it will be precluded from asserting it in a separate action, which lends support to the good faith of Defendant's effort to add these counterclaims in this matter. The Court's failure to find bad faith weighs toward granting the Motion.

### D. Futility

Defendant contends that its proposed counterclaims are not futile because they plead recognized causes of action that it supports with substantial allegations of fact. Mot. at 15. Plaintiff argues that (1) Defendant's proposed breach of contract counterclaim is futile because it failed to sufficiently plead necessary elements, and (2) Defendant's proposed declaratory judgment counterclaim is futile because it is duplicative to Plaintiff's claim and serves no useful purpose. Oppo. at 14–17.

A motion to amend may be denied if the amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, denying leave to amend for futility is "rare and courts generally defer consideration of challenges to the merits of a

---

[2] A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

### 1. Proposed Breach of Contract Counterclaim

Defendant's proposed breach of contract counterclaim alleges that Plaintiff "breached the terms and conditions of the Agreement by failing to deliver marketable goods and maintain the required trademarks in accordance to the Agreement." ECF No. 14-2 at 10. The term it cites as the relevant term for the breach involving marketable goods is titled "Defective Product Returns" and states that the Distributor (Defendant) may return to Plaintiff for credit any defective products timely returned to the Distributor by its customers. *Id.* at 6. Plaintiff argues Defendant fails to sufficiently plead whether either party performed its contractual obligations as to that term. Oppo. at 15–16. Plaintiff also attests that it has located "dozens of documents confirming that it accepted returns for the wristbands and issued credits to Slow Gold for each and every one of those returns." Altomare Decl. ¶ 11.

The Court finds that Defendant's proposed counterclaim is not entirely clear as to how Plaintiff breached the contract by failing to deliver marketable goods. The proposed counterclaim contains allegations that Plaintiff did not "cure its defects," "continuously failed to produce quality goods," and "failed to reimburse [Defendant] for expenses and damages incurred as a result of [Plaintiff's] breaches of the Agreement." ECF No. 14-2 at 7. These allegations fail to specify the actions that breached the "Defective Product Returns" term in the agreement but could possibly relate to actions relevant to the term. Therefore, the Court cannot find that no set of facts can be proved that would constitute a sufficient claim, and so finds it would be more appropriately suited to a motion made after leave to amend is granted and the amended answer is filed. *See Duhn Oil Tool, Inc.*, 2010 WL 596312, at *14. This lack of futility weighs toward granting the Motion as to this breach of contract counterclaim based on a failure by Plaintiff to deliver marketable goods.

Defendant's proposed counterclaim also alleges Plaintiff breached the contract by failing to "maintain the required trademarks in accordance to the Agreement" when it failed to "secure any trademark rights for the marks in the Territory, either through the European Union Intellectual Property Office, or in any countries or territories specifically mentioned with the Agreement." ECF No. 14-2 at 8, 10. It cites two terms in the agreement as relevant to this allegation titled "Pacific's Marks" and "Intellectual Property Ownership." *Id.* at 7–8. These terms govern the ownership and use of Plaintiff's intellectual property as to the goods, such as trademarks, service marks, trade names, etc. *Id.* Plaintiff argues that this allegation is futile because Defendant fails to plead that securing trademark rights was a requirement of the agreement, nor how it suffered any damages as a result of this alleged failure. Oppo. at 16–17. Defendant does not address these arguments in its Reply.

The Court agrees with Plaintiff that Defendant has failed to state that there was a requirement for Plaintiff to secure trademark rights or that it suffered damages as a result. Without this requirement, no set of facts can be shown to prove that there was a breach, and this counterclaim would therefore be futile. *See Miller*, 845 F.2d at 214. The Court's finding of futility weighs toward denying the Motion as to this breach of contract counterclaim based on a failure by Plaintiff to maintain required trademarks.

### 2.     Proposed Declaratory Judgment Counterclaim

Defendant's proposed declaratory judgment counterclaim alleges that it is not infringing on Plaintiff's rights in any trademark because Plaintiff lacks a valid, registered trademark and because Defendant's sales predominantly take place in Europe, with little or no impact on U.S. commerce. ECF No. 14-2 at 11–12. Plaintiff argues that its complaint includes claims of federal trademark infringement and California common law trademark infringement, which will result in the same declaration that Defendant seeks, "specifically whether infringement is occurring." Oppo. at 15. Plaintiff contends that declaratory relief is futile, duplicative, and serves no useful purpose. *Id.* Defendant does not address this argument in its Reply.

"[D]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231 (9th Cir. 1989) (internal quotation marks and citation omitted).

The Court finds that the proposed declaratory judgment counterclaim would clearly be subject to dismissal. Defendant's proposed counterclaim is duplicative to Plaintiff's third and fourth causes of action for federal trademark infringement and California common law trademark infringement. *See* ECF No. 1-2 at 13–15. Thus, the proposed counterclaim will serve no useful purpose "in clarifying and settling the legal relations in issue" because the issue of trademark infringement is already before the Court in Plaintiff's complaint. *See Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (dismissing declaratory judgment counterclaim for non-infringement of patent because it was duplicative to Plaintiff's cause of action for patent infringement and thus failed to serve any useful purpose); *Capitol Recs., Inc. v. Weed*, No. 206-CV-01124-PHX-JAT, 2008 WL 1820667, at *3 (D. Ariz. Apr. 22, 2008) (denying motion for leave to amend answer to add counterclaim for declaratory judgment of non-infringement because it did not allege any issues that would not already be litigated in the plaintiff's case in chief and in the defendant's own affirmative defenses). The Court's finding that it would clearly be subject to dismissal weighs toward denying the Motion as to this declaratory judgment counterclaim. *See Saul*, 928 F.2d at 843.

Considering all the *Foman* factors, the Court finds they weigh toward granting in part and denying in part Defendant's Motion. The Court finds no prejudice to Plaintiff in allowing Defendant to add its proposed counterclaims, but it also finds some of the counterclaims would be futile or subject to dismissal. Accordingly, the Court finds it appropriate to grant leave to amend the answer to add only the proposed counterclaims that are not futile or subject to dismissal. *See Bonin v. Calderon*, 59 F.3d 815, 845

(9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Saul*, 928 F.2d at 843.

## IV.    CONCLUSION

Based on the above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Slow Gold Limited's Motion for Leave to File Counterclaims as follows:

1.     The Court **GRANTS** the Motion for leave to amend the answer to include a counterclaim for breach of contract based on a failure by Plaintiff to deliver marketable goods.

2.     The Court **DENIES** the Motion for leave to amend the answer to include a counterclaim for breach of contract based on a failure by Plaintiff to maintain trademarks.

3.     The Court **DENIES** the Motion for leave to amend the answer to include a counterclaim for declaratory judgment of non-infringement of trademark.

4.     Defendant shall file its amended answer in conformance with this Order on or before **February 17, 2023**.

**IT IS SO ORDERED**.

Dated:  February 10, 2023

_____
Honorable Linda Lopez
United States District Judge