UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC VIBRATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SLOW GOLD LIMITED, et al.,<br><br>    Defendants. | Case No.: 22cv1118-LL-DDL<br><br>**ORDER GRANTING SLOW GOLD'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM**<br><br>[ECF No. 50] |

Before the Court is Defendant Slow Gold Limited's Motion for Leave to File First Amended Counterclaim against Plaintiff and Counter-Defendant Pacific Vibrations, LLC. ECF No. 50 ("Motion" or "Mot."). Plaintiff filed an Opposition [ECF No. 58 ("Opposition" or "Oppo.")], and Defendant filed a Reply [ECF No. 60]. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

I.     **BACKGROUND**

On March 11, 2022, Plaintiff filed a complaint in state court against Defendants Slow Gold Limited, Simon Charles Tucker, Cassie Green, and Bradley John Hockridge alleging the following causes of action: (1) breach of contract; (2) unfair competition,

(3) federal trademark infringement, (4) California common law trademark infringement, and (5) false designation of origin. ECF No. 1-2 at 5–27.

On July 29, 2022, Defendant filed its notice of removal and its answer. ECF Nos. 1; 1-2 at 29–38; 5. On October 17, 2022, the Court issued a scheduling order setting pretrial deadlines, including a filing deadline of December 2, 2022 for any motion to join other parties, to amend the pleadings, or to file additional pleadings. ECF No. 11 at 1. The deadline to complete fact discovery was set for May 5, 2023 *Id.* at 2. The deadline to complete fact witness depositions only was extended to June 5, 2023. ECF No. 28.

On February 10, 2023, the Court issued an Order Granting in Part and Denying in Part Slow Gold Limited's Motion for Leave to File Counterclaims. ECF No. 32. On February 17, 2023, Defendant filed its Counterclaim. ECF No. 35. On February 17, 2023, Defendant also corresponded with Plaintiff regarding its intention to file a First Amended Counterclaim ("FAC"), and provided Plaintiff with a draft thereof on February 28, 2023. ECF No. 50-1, Declaration of Thomas J. Speiss ("Speiss Decl.") ¶¶ 4, 5; *see also* ECF No. 58-1, Declaration of Ryan J. Altomare ("Altomare Decl."), ¶ 6. The parties also participated in a meet and confer concerning the filing of the proposed FAC on February 28, 2023. Speiss Decl. ¶ 5; Altomare Decl. ¶ 7. On March 7, 2023, Defendant filed this Motion seeking leave to file a FAC against Plaintiff. ECF No. 50.

## II.   LEGAL STANDARD

Once a party has served its pleading, there is a short period of time when the party may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy should be applied with "extreme liberality" to reflect the underlying purpose of Rule 15 "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Id.* at 980

(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the factor that carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### III. DISCUSSION

Defendant argues that it should be allowed leave to file its FAC for two reasons:

(1) the allegations of the claim for breach of contract set forth in the pending Counterclaim, as the Court noted in the Order granting leave to file that pleading, are not entirely clear and unambiguous, shortcomings which the court stated would be best addressed by motion, and which Slow Gold has undertaken to correct in the FAC; and,

(2) Slow Gold's claim for relief arising from Plaintiff's persistent delivery of defective products for marketing and sale by Slow Gold pursuant to the parties' distribution agreement – as alleged in the pending Counterclaim, and as further revealed in discovery obtained since the pending Counterclaim was drafted – can only be fully addressed and remedied by a claim for breach of the covenant of good faith and fair dealing that is implied in that distribution agreement, and the FAC adds that claim for relief.

Mot. at 2; *see also* Mot. at 10-11. Plaintiff claims that both of Defendant's arguments fail and leave to amend should be denied.

The Court will consider the *Foman* factors of undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. at 182.

### A. Undue Delay and Prejudice

Defendant claims that it did not unduly delay in filing this Motion, and was diligent in bringing its proposed FAC before the Court. Mot. at 11-12. Defendant also argues that Plaintiff will not be prejudiced by the FAC because "Plaintiff has propounded discovery requests that encompass the issues that are raised by the claim for breach of the implied

covenant of good faith." *Id.* at 12-13. Plaintiff opposes on the grounds that "the allegations of the new proposed counterclaim are in fact based on facts and theories Slow Gold knew or should have known at the time it filed the original pleading." Oppo. at 12. Plaintiff argues that "Slow Gold has offered nothing explaining why it was not known and why it could not file its counterclaims on these issues in a timely manner." *Id.* at 13. Plaintiff also argues that the proposed amendment is prejudicial to Plaintiff because the "addition of these counterclaims will only increase the discovery required to be conducted by the parties and may require supplemental responses to address the counterclaims, driving up litigation costs." *Id.* at 14-15.

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (quoting *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011)). "The fact that [an] amended counterclaim may cause more work does not constitute prejudice." *Fru-Con Constr. Corp. v. Sacramento Mun. Until. Dist.*, 2006 WL 3733815, at *5 (E.D. Cal. 2006).

The Court finds Defendant has not unduly delayed in filing this Motion. Defendant informed Plaintiff of its intention to file the FAC the same day it filed the original counterclaim. Less than ten days later, Defendant provided Plaintiff with the proposed FAC and "met and conferred" regarding it. The instant Motion was filed within one week of the meet and confer. Although discovery has begun and the deadline for fact discovery is closed, there is still time for fact depositions until June 5, 2023. Additionally, Defendant states that it has "commit[ted] to full, reasonable cooperation with Plaintiff as needed to accommodate Plaintiff's legitimate additional discovery needs, if any." Reply at 12. The Court does not find that allowing a FAC at this stage of the litigation will prejudice Plaintiff or burden the Court. The Court's finding of no undue delay and no prejudice weighs toward granting the Motion.

/ / /

/ / /

### B. Bad Faith

Defendant contends that it brings this Motion in good faith because the factual allegations to support its breach of contract claim and the additional claim for breach of the implied covenant of good faith and fair dealing are fully supported by the law. Mot. at 12. Defendant argues that it seeks to bring the additional counterclaim for "breach of implied covenant of good faith and fair dealing only because its further analysis of the correct legal basis for relief for Plaintiff's prolonged and excessive delivery of defective products, the scope of which is better understood based on Plaintiff's discovery responses since the original Counterclaim was drafted, indicates that the correct legal theory is breach of the implied covenant of good faith." *Id.* at 12. Defendant also argues that it "has a more complete understanding of the scope of [the alleged] injury based on facts disclosed by Plaintiff in discovery since the initial Counterclaim was filed." *Id.* at 11. Plaintiff argues that Defendant has shown bad faith by "attempting to use the Court's concern regarding the deficiencies of the counterclaim as a second bite at the apple to insert new theories of liability against the Plaintiff/counter defendants." Oppo. at 11. Plaintiff also argues that "Slow Gold offers no evidence why it was not able to assert [the breach of the implied covenant of good faith and fair dealing] counterclaim when it first sought leave to file its first counterclaim back in December 2022." *Id.*

The Court does not find that Defendant acted in bad faith. The Court finds it reasonable that Defendant sought leave to file the FAC in order to address and correct the shortcomings set forth in the Court's February 10, 2023 Order Granting in Part and Denying in Part Slow Gold Limited's Motion for Leave to File Counterclaims [ECF No. 32]. The Court also finds reasonable Defendant's explanation for the need to amend its counterclaims based on facts learned in Plaintiff's discovery responses since the original Counterclaim was drafted. Finally, the Court has already found that Defendant acted diligently in informing Plaintiff about its intention to seek to amend the Counterclaim, and that the delay in filing the instant motion was not unreasonable. The Court's failure to find bad faith weighs toward granting the Motion.

### C. Futility

Defendant contends that its proposed counterclaims are not futile because they plead recognized causes of action that it supports with substantial allegations of fact. Mot. at 13. Plaintiff argues that (1) "Defendant's proposed breach of contract [claim] serves no useful purpose, other than to harass and increase the cost of litigation, because there is already a breach of contract claim on file which appears to allege the same breaches and seeks the same relief as the proposed amended counterclaim", and (2) "the allegations of the breach of implied covenant of good faith and fair dealing match those of the breach of contract claim" and are "duplicative, futile, and should not be allowed." Oppo. at 13-14.

A motion to amend may be denied if the amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, denying leave to amend for futility is "rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, the Court finds that the proposed amended counterclaim is not futile. First, on the breach of contract claim, Defendant states that the proposed amendment seeks to allege the breach of contract claim more "clearly, cogently, and completely." Mot. at 10-11. This proposed amendment is for a recognized cause of action (breach of contract), which Defendant seeks to support with additional allegations of fact, and may entitle it to relief if proven. Second, on the claim for breach of implied covenant of good faith and fair dealing, the Court finds that it is also not futile because it has distinct elements and remedies from that of a breach of contract claim. Plaintiff has failed to provide sufficient justification to

depart from the strong presumption in favor of amendment. The Court's failure to find futility weighs toward granting the Motion.

### D. Conclusion

Considering all the *Foman* factors, the Court finds they weigh in favor of granting Defendant's Motion. Accordingly, the Court **GRANTS** Defendant Slow Gold Limited's Motion for Leave to File the proposed First Amended Counterclaim as set forth at ECF No. 50-1 at 9-18. Defendant shall file the FAC on or before **May 15, 2023**.

**IT IS SO ORDERED.**

Dated: May 11, 2023

_____
Honorable Linda Lopez
United States District Judge