UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC VIBRATIONS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>SLOW GOLD LIMITED, et al.,<br><br>          Defendants. | Case No.: 22cv1118-LL-DDL<br><br>**ORDER GRANTING DEFENDANT HOCKRIDGE AND DEFENDANT TUCKER'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[ECF Nos. 27, 46]**<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>**[ECF No. 43]** |

  Before the Court are two motions to dismiss (ECF Nos. 27, 46) and one ex-parte motion for leave to file a sur-reply in opposition to a motion to dismiss (ECF No. 43).

  On January 31, 2023, Defendant Bradley John Hockridge ("Hockridge") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process ("Hockridge's Motion to Dismiss"). ECF No. 27. Plaintiff Pacific Vibrations, LLC ("Plaintiff") filed a Response in Opposition to Hockridge's Motion to Dismiss

("Opposition to Hockridge's Motion"), and Hockridge filed a Reply ("Hockridge's Reply"). ECF Nos. 37, 42.

On March 2, 2023, in connection with Hockridge's Motion to Dismiss, Plaintiff filed an Ex Parte Motion for Leave to File Sur-Reply ("Plaintiff's Motion for Sur-Reply"). ECF No. 43. Hockridge filed a Response in Opposition to Plaintiff's Motion for Sur-Reply ("Opposition to Plaintiff's Motion for Sur-Reply"). ECF No. 44.

Finally, on March 3, 2023, Defendants Cassie Green ("Green") and Simon Charles Tucker's ("Tucker") filed a Motion to Dismiss for Lack of Personal Jurisdiction ("Green and Tucker's Motion to Dismiss"). ECF No. 46. Plaintiff filed its Response in Opposition ("Opposition to Green and Tucker's Motion"), ECF No. 55, and Tucker filed a Reply ("Tucker's Reply"). ECF No. 59.

After Green and Tucker's Motion to Dismiss was filed on March 3, 2023, Plaintiff voluntarily dismissed the action as to Green without prejudice. ECF No. 56. Accordingly, on June 2, 2023, the Court denied as moot Green and Tucker's Motion to Dismiss with respect to Green only. ECF No. 75. Also, on June 2, 2023, the Court ordered Plaintiff to provide supplemental briefing on how this action "arises out of" the Guaranty despite the lack of any mention of the Guaranty in the Complaint. *Id.* Plaintiff filed a supplemental brief on June 8, 2023, and Defendants Hockridge and Tucker filed a supplemental reply brief on June 15, 2023. ECF Nos. 79, 80.

Upon the Court's review of the relevant pleadings, and for the reasons set forth below, the Motions to Dismiss of Hockridge and Tucker are **GRANTED**. Plaintiff's Ex-Parte Motion for Sur-Reply is **DENIED AS MOOT**.

I.   BACKGROUND

The instant case arises from an exclusive distribution agreement (the "Agreement") that Plaintiff and Slow Gold allegedly entered into on or about August 2, 2010. ECF No. 1-2 ¶¶ 18–19. Plaintiff alleges that the Agreement required Slow Gold to make minimum purchase orders from Plaintiff throughout the term of the Agreement. *Id*. ¶ 22. Plaintiff alleges that Slow Gold failed to make those orders and that Slow Gold additionally

undercut Plaintiff by purchasing components directly from Plaintiff's supplier. *Id.* ¶¶ 26, 28. Plaintiff further alleges that Slow Gold used Plaintiff's logos and marks without approval or consent. *Id.* ¶ 29. Plaintiff also alleges that Slow Gold filed certain trademarks in the United Kingdom ("U.K.") that violated the Agreement and infringed upon Plaintiff's own trademarks in the United States ("U.S.") *Id.* ¶¶ 30, 50. Slow Gold denies these and all other allegations made in Plaintiff's complaint. ECF No. 5 at 1.

Slow Gold is a corporation based in the U.K. ECF No. 1-2 ¶ 2. Hockridge and Tucker are residents of the U.K. ECF No. 1-2 ¶¶ 3–5. Hockridge and Tucker are officers and directors at Slow Gold. ECF Nos. 27-1 ¶ 1, 46-3 ¶ 1. Other than their association with Slow Gold and their vacations in the U.S., Hockridge and Tucker have no personal or business dealings in the U.S. ECF No. 27-1 ¶¶ 4-6; ECF No. 46-1 ¶¶ 6-8; ECF No. 46-3 at ¶¶ 4-6; *see also* ECF No. 27 at 8, ECF No. 46 at 7–8. Hockridge and Tucker are not parties to the Agreement. ECF No. 1-2 at 19-27. Hockridge and Tucker specially appeared in this action to move for dismissal of the complaint against them for lack of personal jurisdiction. *See* ECF Nos. 27, 46.

Plaintiff contends Hockridge and Tucker executed a personal guaranty dated October 19, 2010 (the "Guaranty") with respect to the Agreement. ECF No. 37 at 6; *see also* ECF No. 37-1 ¶¶ 6-7. The Guaranty includes a forum selection clause which states:

> This Guaranty shall be deemed to be made under and shall be governed by the laws of the State of California in all respects, including matters of construction, validity and performance. Any action arising out of this Guaranty Agreement shall be filed in the Orange County Superior Court in the State of California only and all parties consent to the exclusive jurisdiction of the Orange County Superior Court for the State of California.

ECF No. 37-8 at 2. The Guaranty is dated "19.10.10" and includes two signatures, which Plaintiff contends are from Hockridge and Tucker. *Id.*

## II.   LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). When such a motion is brought, the plaintiff bears the burden of demonstrating that a court is properly exercising personal jurisdiction over the defendant.

*See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).

When a defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand dismissal." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). "The prima facie standard 'is not toothless,' however; [a plaintiff] 'cannot simply rest on the bare allegations of its complaint.'" *Id.* (internal citation omitted). That said, "uncontroverted allegations in the complaint must be taken as true." *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).

### III.   DISCUSSION

The crux of the dispute in the motions at issue is whether the Court has personal jurisdiction over Hockridge and Tucker through the purported Guaranty. Plaintiff argues that Hockridge and Tucker consented to personal jurisdiction because the Guaranty includes a forum selection clause. ECF No. 37 at 5, 10-12; ECF No. 55 at 2, 8-9. Hockridge and Tucker, by contrast, argue that the purported Guaranty is a fraudulent document and that they have never seen nor signed this Guaranty before the commencement of this action. ECF No. 42 at 3-7, ECF No. 59 at 8-11. Hockridge and Tucker also argue the "forum selection clause applies only to 'any action arising out of this Guaranty Agreement'" and that "the Complaint does not mention, much less predicate any claim on, the Guaranty Agreement." ECF No. 80 at 2.

The Court will first address the issue of personal jurisdiction, before addressing the timeliness of the service of process on Hockridge and Tucker.

### A.   Personal Jurisdiction Over Hockridge and Tucker

Plaintiff acknowledges that the Complaint does not even mention the Guaranty, but still argues that Tucker and Hockridge's execution of the Guaranty renders them subject to personal jurisdiction in this action. ECF No. 79 at 4. First, Plaintiff argues that the "Guaranty specifically incorporates the exclusive distribution agreement" and that "the language of the Guaranty essentially places both Hockridge and Tucker in the shoes of

Slow Gold as if they are one and the same." *Id.* Second, Plaintiff argues that it alleged in the Complaint that Hockridge and Tucker had sufficient minimum contacts with the forum state and purposefully availed themselves of the benefits of conducting business in California. *Id.* at 5 (citing Complaint at ¶ 10).

Defendants Hockridge and Tucker argue:

> Plaintiff's Complaint alleges that Mr. Hockridge and Mr. Tucker 'have consented to jurisdiction in this court' through the forum selection clause set out in the Distribution Agreement (the 'Agreement'). But these individuals are not parties to the Agreement and are not bound by its forum selection clause, or otherwise. Nor does the Complaint competently allege any facts that could support jurisdiction based on these individuals' 'minimum contacts' with this forum.
>
> With nowhere left to turn, Plaintiff has seized upon the forum selection clause in the Guaranty. But the Complaint does not include any claim based on the Guaranty, nor even mention that instrument. Moreover, the forum selection clause is explicitly limited to claims 'arising out of the Guaranty.'

ECF No. 80 at 3.

Plaintiff's arguments in support of personal jurisdiction are implausible on their face. Plaintiff has not met its burden to show how this lawsuit "arises out of" the Guaranty. As an initial matter, the Complaint makes no mention of the Guaranty, and the Guaranty is not attached to the Complaint. Meanwhile, the Complaint states that "Defendants are subject to the jurisdiction of this court because they have expressly consented to jurisdiction in this court through a forum selection clause and a choice of law clause in the contract upon which this action is based, attached hereto." ECF No. 1-2 at ¶ 9. The "contract upon which this action is based" (and which is attached to the complaint) is an exclusive distribution agreement between Plaintiff and Slow Gold, and not the Guaranty. Plaintiff's belated attempt to argue that "the language of the Guaranty essentially places both Hockridge and Tucker in the shoes of Slow Gold as if they are one and the same" lacks factual and legal support.

Additionally, Plaintiff's boilerplate allegations in the Complaint about Defendants' purported contacts are not sufficient to establish personal jurisdiction. There are no facts

in the Complaint to support Plaintiff's barebones legal conclusion that "Defendants have sufficient contacts with the forum state and have purposefully availed themselves of the benefits of conducting business in California." *Id*. at ¶ 10. Plaintiff's boilerplate allegations make no showing that Plaintiff's claims "arise[] out of or relate[] to the defendant's forum-related activities," as required to establish specific jurisdiction. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted). Additionally, the Complaint certainly does not allege contacts so "continuous and systematic" that Defendants Hockridge and Tucker are "essentially at home" in California, as required to establish general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In short, Plaintiff's attempt to point to two paragraphs in the Complaint that are legal conclusions with no facts in support thereof fails as a basis for personal jurisdiction.

Finally, Plaintiff's argument that it has made the requisite "prima facie showing that personal jurisdiction exists" in opposition to the motions to dismiss is also without merit. ECF No. 79 at 5. As set forth above, Plaintiff's allegations about Tucker and Hockridge's contacts are conclusory at best. Also, the factual allegations to support any finding of "minimum contacts" are not uncontroverted and are contested in Defendant Hockridge and Tucker's Declarations. ECF No. 27-1; ECF No. 46-3.

Accordingly, the Court **GRANTS** Hockridge's and Tucker's motions to dismiss as to lack of personal jurisdiction.

### B. Timeliness of Service of Process on Hockridge and Tucker

The Motions to Dismiss of Hockridge and Tucker contain an argument that service on them was untimely because it was made after the 90-day window under Rule 4(m) had elapsed. ECF No. 27 at 7-11; ECF No. 46 at 7. Rule 4(m) provides that if a defendant is not served within 90 days of the complaint's filing, a court shall dismiss that action without prejudice unless good cause is shown. Fed. R. Civ. Pro. Rule 4(m). In light of the Court's finding that there is no personal jurisdiction over Defendants Hockridge and Tucker, the Court declines to address this argument.

/ / /

### C. Plaintiff's Motion for Sur-Reply

On March 2, 2023, Plaintiff filed an Ex-Parte Motion for Leave to File a Sur-Reply to supplement the record with information showing that the December 2022 date on the email containing the purported Guaranty was a technical error caused by the way the email was extracted. ECF No. 43. In light of the Court's ruling granting the instant Motions to Dismiss for lack of personal jurisdiction, the Court **DENIES AS MOOT** Plaintiff's Ex-Parte Motion for Leave to File a Sur-Reply.

### D. Leave to Amend

Having determined that Plaintiff's claims against Hockridge and Tucker are subject to dismissal because the Court does not have personal jurisdiction over them, the Court must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court finds that granting an opportunity to amend the Complaint in this case at this procedural posture would impose undue prejudice to Defendants Hockridge and Tucker. The operative Complaint was originally filed over sixteen months ago, in March 2022. Defendant Hockridge was not served with the Complaint until January 11, 2023, and Defendant Tucker was not served until February 10, 2023, almost one year after the Complaint was filed. *See* ECF No. 45 at 4. The Court finds that there was a significant delay in the service of the original Complaint on Hockridge and Tucker. Also, considering that fact discovery in this case is already closed, and that dispositive motions are due on September 1, 2023 (ECF Nos. 11, 78), the Court finds that it would unduly prejudice Defendants Tucker and Hockridge to allow Plaintiff to amend its Complaint in the instant litigation to add a new cause of action under the Guaranty. However, the Court's Order granting dismissal in this case is without prejudice to Plaintiff pursuing its claims on the

Guaranty in a jurisdiction where Defendants Hockridge and Tucker are subject to personal jurisdiction under the Guaranty.

## IV. CONCLUSION

For the reasons discussed above, the Court holds as follows:

1. Hockridge's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**. The Motion to Dismiss is granted without prejudice to Plaintiff pursuing its claims on the Guaranty in a jurisdiction where Defendant Hockridge is subject to personal jurisdiction under the Guaranty.

2. Tucker's Motion to Dismiss for lack of personal jurisdiction is **GRANTED.** The Motion to Dismiss is granted without prejudice to Plaintiff pursuing its claims on the Guaranty in a jurisdiction where Defendant Tucker is subject to personal jurisdiction under the Guaranty.

3. Plaintiff's Ex Parte Motion for Sur-Reply is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

Dated: July 6, 2023

_____
Honorable Linda Lopez
United States District Judge